| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF AIKEN ) | SECOND JUDICIAL CIRCUIT |
| ) | |
| ) | C.A. NO.: 2007-CP-02-_____ |
| James McGough, ) | |
| ) | |
| Plaintiff, ) | **SUMMONS AND NOTICE** |
| ) | |
| vs. ) | |
| ) | |
| (Norfolk Southern Corporation, Jimmy, ) | |
| Thornton, and Mike Ford ) | |
| ) | |
| Defendant. ) | |

Received via Fed Ex
to Roger A. Petersen
*Roger A. Petersen*
10-22-07

[Stamp: LAW DEPARTMENT OCT 2 2 2007 NORFOLK]

TO THE DEFENDANTS ABOVE NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Summons and Complaint herein, a copy of which is herewith served upon you, and to serve a copy of your Answer to said Summons and Complaint upon the subscriber at, EPPES & PLUMBLEE, P.A., P.O. Box 10066, Greenville, S.C. 29603, within thirty (30) days after the service hereof and if you fail to answer the Summons and Complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the Summons and Complaint.

*Frank L. Eppes*
FRANK L. EPPES, SC Bar #7839
Attorney for Plaintiff
Post Office Box 10066
Greenville, S.C. 29603
(864) 235-2600

Greenville, S.C.
Dated: 10/11/7

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF AIKEN | ) <br> ) <br> ) | IN THE COURT OF COMMON PLEAS<br>SECOND JUDICIAL CIRCUIT |
| | ) | C.A. NO.: 2007-CP-02-_____ |
| James McGough, | ) <br> ) | |
| Plaintiff, | ) <br> ) | **COMPLAINT**<br>**(DECLARATORY JUDGMENT** |
| vs. | ) | **SOUGHT)** |
| Norfolk Southern Corporation, Jimmy,<br>Thornton, and Mike Ford | ) <br> ) <br> ) | Received via Fed Ex<br>to Roger A. Petersen |
| Defendant. | ) <br> ) | |

[Stamp: NS LAW DEPARTMENT OCT 2 2 2007 NORFOLK]

This case arises out of a collision between two Norfolk Southern Corporation ("Norfolk Southern") freight trains in the early morning hours of January 6, 2005 in Graniteville, South Carolina, located in Aiken County. The term "Defendants," as used herein refers to Norfolk Southern Corporation, Jimmy Thornton and Mike Ford.

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff, James McGough, resides in Aiken County, South Carolina and is a citizen of the state of South Carolina.

2. Norfolk Southern is a Virginia corporation with its principal place of business in the state of Virginia. Norfolk Southern transacts business in South Carolina, and maintains significant contacts with Aiken County through the operation of freight trains on railway lines. The accident at issue occurred in Aiken County, South Carolina.

3. Defendant Jimmy Thornton is a resident of Richland County, South Carolina and was an employee of Norfolk Southern at all times material to the Complaint.

4. Defendant Mike Ford is a resident of Richland County, South Carolina and was an employee of Norfolk Southern at all times material to the Complaint.

5. Based upon the foregoing, jurisdiction and venue are appropriate before this Court. Further, this Court has jurisdiction pursuant to South Carolina Code § 15-53-10 *et seq*, known as the Uniform Declaratory Judgment Act.

## FACTUAL ALLEGATIONS

6. In the early morning hours of January 6, 2005, a Norfolk Southern freight train carrying hazardous chlorine gas collided with a parked Norfolk Southern train.

7. Norfolk Southern was responsible for the proper operation of the train, and its negligence caused the collision of the Norfolk Southern trains in the early morning hours of January 6, 2005.

8. Norfolk Southern, acting through its agents Jimmy Thornton and Mike Ford, negligently failed to line the switch to the main line track, and this negligence led to the collision and derailment.

9. As a result of the collision of the engines, the chemical cargo in the moving train derailed, causing chlorine gas to be emitted into the surrounding environment.

10. The chlorine gas contaminated the entire area, including without limitation, the facilities and machinery of the Avondale Mills located in Graniteville, South Carolina.

11. Over the ensuing months and years, defendants made repeated efforts to clean and repair the facilities of Avondale Mills. These repairs were unsuccessful

and in May of 2006, the Avondale Mills closed their facility in Graniteville.

12. As a result of the negligence of the defendants jointly and severally, the Avondale Mill closed and Plaintiff(s) lost all means of livelihood after working at the Avondale Mills for 28 years. Plaintiff(s) was damaged in an amount that does not exceed Seventy Four Thousand ($74,000) Dollars.

## REQUEST FOR DECLARATORY RELIEF

13. Various individuals similarly situated to Plaintiff have brought at least three negligence actions which have been submitted to the United States District Court for the District of South Carolina. See, Self v. Norfolk Southern, 2007 WL 540373 (D.S.C. 2007)(2 actions combined) and Lanier v. Norfolk Southern, 2006 WL 1878984 (D.S.C. 2006)

14. Each of these actions has alleged that plaintiffs were injured by Defendant Norfolk Southern based upon the closing of the Avondale Mill.

15. On information and belief, plaintiffs in at least one of the above-referenced actions made request(s) to certify this issue to the South Carolina Supreme Court, and this request(s) was denied by the United States District Court.

16. In Self, the District Court dismissed plaintiffs' causes of action as follows:

a. the negligence claim was dismissed based upon the economic loss rule;

b. the tortious interference with contractual relations claim was dismissed for failure to show anything other than pecuniary harm;

c. the strict liability claim was dismissed based upon preemption by the Hazardous Materials Transportation Act and the Federal Railroad Safety Act; and,

d. the res ipsa loquitur claim was dismissed based upon South Carolina precedent which

does not acknowledge the doctrine of res ipsa loquitur.

17. The holding of the District Court in <u>Lanier</u> concerning solely the claim of negligence is virtually identical to the ruling in <u>Self</u>.

18. The decisions of the United States federal courts as to the law of South Carolina are solely efforts by those courts to apply the law of South Carolina. In the case of unresolved issues, they serve only as predictions by the federal court of what that court anticipates the courts of South Carolina would hold. As such, federal court decisions are not a binding statement of South Carolina law and are merely persuasive authority as to South Carolina law.

19. The District Court's dismissal of these claims wrongly decided issues of South Carolina law and, pursuant to S.C. Code Ann. Section 15-53-20, et seq (1976, as amended) Plaintiff is entitled to a determination of whether he has any right to pursue these claims under South Carolina state law.

WHEREFORE, Plaintiff, prays that the Court enter judgment against Defendants in favor of the Plaintiff, and to award the following relief:

(a) A declaratory judgment that Plaintiff and all similarly situated plaintiffs are entitled to pursue their claims for negligence against the Defendant based upon claims of negligence and tortious interference with contractual relations notwithstanding the economic loss rule; and,

(b) Such other or further judicial determinations and relief as may be appropriate in this proceeding.

EPPES & PLUMBLEE, P.A.

Frank L. Eppes, S.C. Bar #1839
Attorney for Defendant
Post Office Box 10066
Greenville, South Carolina 29603
(864) 235-2600

John S. Nichols
BLUESTEIN AND NICHOLS, LLC
P.O. Box 7965
Columbia, South Carolina 29202
(864) 779-7599

Attorneys for Plaintiff James McGough

Greenville, S.C.
Dated: 10/11/7

| | |
|---|---|
| STATE OF SOUTH CAROLINA )<br>) <br>COUNTY OF AIKEN ) | IN THE COURT OF COMMON PLEAS |

James McGough, )  Civil Action No. 2007-CP-02-1442
)
        Plaintiff, )
)
v. ) **ANSWER OF DEFENDANT,**
) **MIKE FORD**
Norfolk Southern Corporation, Jimmy )
Thornton, and Mike Ford, )
)
        Defendants. )

The defendant, Mike Ford, without waiving his right to have this case transferred to Lexington County pursuant to S.C. Code Ann. §15-7-30, answers the Complaint of the plaintiff as follows:

1. This defendant does not have sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 1 and demands proof of those allegations.

2. Admitted, upon information and belief.

3. This defendant admits, upon information and belief, that Jimmy Thornton was a resident of Norfolk Southern Railway Company at the times mentioned in the Complaint. This defendant denies all other allegations in Paragraph 3 and states upon information and belief Jimmy Thornton is a resident of Lexington County.

4. This defendant admits that he was an employee of Norfolk Southern Railway Company at the times material to the Complaint. This defendant denies he is a resident of Richland County and states he is a resident of Lexington County.

5. This defendant admits jurisdiction is proper before this court, but denies that venue is proper and states he is entitled to a change of venue to Lexington County.

6. Admitted, upon information and belief.

7. Denied.

8. Denied.

9. Admitted, upon information and belief.

10. This defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 10 and denies and demands proof of those allegations.

11. Denied.

12. Denied.

13. Admitted.

14. Admitted.

15. Admitted.

16. Admitted.

17. This defendant craves reference to the orders of the United States District Court dismissing these claims and denies any allegations in Paragraph 17 inconsistent with the written orders of the United States District Court.

18. Denied.

19. Denied.

Except as specifically admitted herein, each and every allegation in the plaintiff's Complaint is denied.

## **FOR A FIRST DEFENSE**

20. This defendant will show that another action is pending between the same parties for the same claims and plaintiff's claims should be dismissed.

## FOR A SECOND DEFENSE

21.   This defendant will show that the plaintiff's claims are barred by the Doctrines of Res Judicata and Collateral Estoppel.

## FOR A THIRD DEFENSE

22.   This defendant will show that the plaintiff's claims are pre-empted in whole or part by federal law, rule or regulation.

WHEREFORE, having fully answered, this defendant prays that the plaintiff's claims be dismissed, with prejudice, and for such other and further relief as the Court deems just and proper.

SOWELL GRAY STEPP & LAFFITTE, L.L.C.

By: _____
Monteith P. Todd
1310 Gadsden Street
Post Office Box 11449
Columbia, South Carolina 29211
(803) 929-1400

Attorneys for Defendant, Mike Ford

Columbia, South Carolina

__Nov 1__, 2007

3

# CERTIFICATE OF SERVICE

I, the undersigned, of the law offices of Sowell Gray Stepp & Laffitte, LLC, attorneys for defendant, Mike Ford, do hereby certify that I have served all counsel in this action with a copy of the pleading(s) hereinbelow specified by mailing a copy of same to counsel via United States Mail, postage prepaid, at the following address(es):

Pleadings:

Answer of Defendant, Mike Ford

Counsel Served:

Frank Eppes, Esquire
Eppes & Plumbee, PA
Post Office Box 10066
Greenville, SC 29603

John S. Nichols, Esquire
Bluestein and Nichols, LLC
Post Office Box 7965
Columbia, SC 29202
*Counsel for Plaintiff*

Richard H. Willis, Esquire
Karen A. Crawford, Esquire
Nelson Mullins Riley & Scarborough, LLP
1320 Main Street, 17th Floor
Post Office Box 11070
Columbia, SC 29211
*Counsel for Defendants Norfolk Southern Corporation and Norfolk Southern Railway Company*

J. Arthur Davison, Esquire
Fulcher Hagler, LLP
One Tenth Street, Suite 700
Post Office Box 1477
Augusta, GA 30903-1477
*Counsel for Defendant James Thornton*

Daniel B. White, Esquire
Ronald K. Wray, II, Esquire
Gallivan, White & Boyd, PA
55 Beattie Place
Greenville, SC 29601
*Counsel for Defendant Norfolk Southern Corporation and Norfolk Southern Railway Company*

_____
Robin Owens

____11/1_____, 2007

STATE OF SOUTH CAROLINA )
) IN THE COURT OF COMMON PLEAS
COUNTY OF AIKEN )

James McGough, ) Civil Action No. 2007-CP-02-1442
)
        Plaintiff, )
)
v. ) **DEFENDANT, MIKE FORD'S, FIRST**
) **INTERROGATORIES TO PLAINTIFF**
Norfolk Southern Corporation, Jimmy )
Thornton, and Mike Ford, )
)
        Defendants. )
_____)

Pursuant to Rule 33 of the South Carolina Rules of Civil Procedure, the defendant, Mike Ford, hereby serves the following interrogatories upon the plaintiff:

1. Give the names and addresses of persons known to the parties or counsel to be witnesses concerning the facts of the case and indicate whether or not written or recorded statements have been taken from the witnesses, and indicate who has possession of such statements.

2. Set forth a list of photographs, plats, sketches, or other prepared documents in possession of the party that relate to the claim in the case.

3. In cases involving personal injury, set forth the names and addresses of all physicians who have treated the party and all hospitals to which the party has been committed in connection with said injuries and also set forth a statement of all medical costs involved.

4. Set forth the names and addresses of all insurance companies which have liability insurance coverage relating to the claim and set forth the number or numbers of the policies involved and the amount or amounts of liability coverage provided in each policy.

5. Set forth an itemized statement of all damages, exclusive of pain and suffering, claimed to have been sustained by the party.

6.  List the names and addresses of any expert witnesses whom the party proposes to use as a witness at the trial of the case.

7.  For each person known to the parties or counsel to be a witness concerning the facts of the case, set forth either a summary sufficient to inform the other party of the important facts known to or observed by such witness, or provide a copy of any written or recorded statements taken from such witnesses.

These interrogatories shall be deemed continuing so as to require supplemental responses prior to trial.

SOWELL GRAY STEPP & LAFFITTE, L.L.C.

By: *Monty Todd*
Monteith P. Todd
1310 Gadsden Street
Post Office Box 11449
Columbia, South Carolina 29211
(803) 929-1400

Attorneys for Defendant, Mike Ford

Columbia, South Carolina

_____, 2007

2

# CERTIFICATE OF SERVICE

I, the undersigned, of the law offices of Sowell Gray Stepp & Laffitte, LLC, attorneys for defendant, Mike Ford, do hereby certify that I have served all counsel in this action with a copy of the pleading(s) hereinbelow specified by mailing a copy of same to counsel via United States Mail, postage prepaid, at the following address(es):

Pleadings:

        Defendant, Mike Ford's, First Interrogatories to Plaintiff

Counsel Served:

Frank Eppes, Esquire
Eppes & Plumbee, PA
Post Office Box 10066
Greenville, SC 29603

John S. Nichols, Esquire
Bluestein and Nichols, LLC
Post Office Box 7965
Columbia, SC 29202
*Counsel for Plaintiff*

Richard H. Willis, Esquire
Karen A. Crawford, Esquire
Nelson Mullins Riley & Scarborough, LLP
1320 Main Street, 17th Floor
Post Office Box 11070
Columbia, SC 29211
*Counsel for Defendants Norfolk Southern Corporation and Norfolk Southern Railway Company*

J. Arthur Davison, Esquire
Fulcher Hagler, LLP
One Tenth Street, Suite 700
Post Office Box 1477
Augusta, GA 30903-1477
*Counsel for Defendant James Thornton*

Daniel B. White, Esquire
Ronald K. Wray, II, Esquire
Gallivan, White & Boyd, PA
55 Beattie Place
Greenville, SC 29601
*Counsel for Defendant Norfolk Southern Corporation and Norfolk Southern Railway Company*

                                    /s/ Robin Owens
                                    Robin Owens

11/1, 2007

| | |
|---|---|
| STATE OF SOUTH CAROLINA | ) IN THE COURT OF COMMON PLEAS |
| | ) SECOND JUDICIAL CIRCUIT |
| COUNTY OF AIKEN | ) |
| | |
| James McGough, | ) CIVIL ACTION NO. 2007-CP-02-1442 |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) ANSWER OF DEFENDANT JIMMY |
| | ) THORNTON |
| Norfolk Southern Corporation, Jimmy | ) |
| Thornton and Mike Ford, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Now comes defendant Jimmy Thornton and answers the Complaint of Plaintiff as follows:

### FIRST DEFENSE

Plaintiff's claims against this Defendant are preempted in whole or in part by federal law, rule or regulation.

### SECOND DEFENSE

Aiken County is an improper venue for this action.

### THIRD DEFENSE

Another action is pending between the same parties for the same claims so Plaintiff's claims should be dismissed.

### FOURTH DEFENSE

Plaintiff has failed to mitigate his damages.

### FIFTH DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SIXTH DEFENSE

Plaintiff's claims are barred by the doctrines of res judicata and/or collateral estoppel.

## SEVENTH DEFENSE

This Defendant responds to the specific allegations of the Complaint as follows:

1. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 1 and 2.

2. In response to paragraph 3, this Defendant admits he is a resident of South Carolina and was an employee of Norfolk Southern Railway Company at all times material to the Complaint. This Defendant denies the remaining allegations of paragraph 3.

3. In response to paragraph 4, this Defendant admits Defendant Ford is a resident of South Carolina and was an employee of Norfolk Southern Railway Company at all times material to the Complaint. This Defendant denies the remaining allegations of paragraph 4.

4. In response to paragraph 5, this Defendant admits this Court has subject matter jurisdiction but denies the remaining allegations of paragraph 5.

5. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 6, 7, 8 and 9.

6. This Defendant denies the allegations of paragraphs 10, 11 and 12.

7. In response to paragraphs 13 through 17, this Defendant admits the Self and Lanier actions were dismissed by the United States District Court for the District of South Carolina, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of said paragraphs.

8. This Defendant denies the allegations of paragraphs 18 and 19.

9. This Defendant denies each and every other allegation of the Complaint not specifically admitted herein.

Wherefore, having fully answered, Defendant Jimmy Thornton prays that the Complaint be dismissed, and that all costs be cast upon the Plaintiff.

This 31st day of October, 2007.

_____
J. ARTHUR DAVISON
S. C. Bar No. 1601
Attorney for Jimmy Thornton

OF COUNSEL:
FULCHER HAGLER LLP
One Tenth Street, Suite 700
Post Office Box 1477
Augusta, GA 30903-1477
(706) 724-0171

3

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing has been served on opposing counsel by depositing same in the United States Mail with sufficient postage attached thereto to ensure delivery, addressed as follows:

Frank L. Eppes, Esq.
Eppes & Plumblee, P.A.
Post Office Box 10066
Greenville, SC 29603

Montieth P. Todd, Esq.
Sowell Gray Stepp & Laffitte, LLC
Post Office Box 11449
Columbia, SC 29211

Thomas E. Vanderbloemen, Esq.
Gallivan, White & Boyd, PA
55 Beattie Place
Greenville, SC 29601

This 31st day of October, 2007.

_____